IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**UNITED STATES OF AMERICA** §
§
v. § Criminal Action No. **3:17-CR-506-L**
§
**ALVIN CHRISTOPHER PENN (01)** §

## MEMORANDUM OPINION AND ORDER

Count Two of the Superseding Indictment charges Defendant Penn with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Section 922(g)(1) provides, "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm . . . ." Defendant Penn seeks to raise the justification defense to his felon-in-possession charge. Prior to commencement of trial, the court denied the Government's motion in limine seeking to prevent Penn from presenting evidence at the trial to support this defense, stating that at the close of evidence, the court would determine whether Penn successfully raised the defense as to each element so as to merit a jury instruction on his affirmative defense of justification. Having considered all of the evidence presented at this time, the court concludes that Penn has failed to successfully raise the defense as to each element and is, therefore, as a matter of law not entitled to a jury instruction on his affirmative defense of justification.

A defendant may pose a justification defense to the charge of being a felon in possession of a firearm. *United States v. Harvey*, 897 F.2d 1300, 1304 (5th Cir.) (1990), *overruled on other grounds*, *United States v. Lambert*, 984 F.2d 658, 661-62 (5th Cir.1993) (en banc). The Government

**Memorandum Opinion and Order – Page 1**

does not contest that, if proved in the appropriate case, a defendant may present a justification defense to the charge of being a felon in possession of a firearm.

The *Fifth Circuit Pattern Jury Instruction Criminal* (2015) state that to avail himself of a justification defense, Penn must make a minimal showing:

> (1) That [he] was under an unlawful present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself [to a family member];
>
> (2) That [he] had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (3) That [he] had no reasonable legal alternative to violating the law, that is, he had no reasonable opportunity to avoid the threatened harm; and
>
> (4) That a reasonable person would believe that by committing the criminal action he would directly avoid the threatened harm.

*Id.* § 1.36 at 64-65; *see also United States v. Bailey*, 444 U.S. 394, 415 (1980). While the *Fifth Circuit Pattern Jury Instructions* only lists these four elements, they do not have the force of law and do not tell the whole story. As the Fifth Circuit emphasized in *United States v. Gant*, "These four requisites are merely elements common to both duress and necessity and do not define the precise contours of either. *For example, continued possession beyond the time that the emergency exists will defeat the defenses.*" 691 F.2d 1159, 1163 n.9 (5th Cir. 1982) (emphasis added) (citing *United States v. Panter*, 688 F.2d 268, 272 (5th Cir.1982)). The Fifth Circuit has adopted a restrictive view of the justification defense in the context of 18 U.S.C. § 922(g) charges and added what is essentially a precondition to the application of the justification defense, which this court considers to be a fifth

factor, namely, that an interdicted person may not possess the firearm beyond the time that the emergency existed. *See Gant*, 691 F.2d at 1163 n.9; *Panter*, 688 F.2d at 272. Other circuits have similarly so held. *See, e.g., United States v. Ridner*, 512 F.3d 846, 850 (6th Cir. 2008) (citation omitted) (recognizing as fifth factor that the defendant "did not maintain the illegal conduct any longer than absolutely necessary"); *United States v. Paolello*, 951 F.2d 537, 541-42, 543 (3d Cir. 1991) (recognizing the more restrictive view as "sound" and finding fifth factor satisfied when Defendant "did not maintain possession of the weapon any longer than absolutely necessary"); *United States v. Stover*, 822 F.2d 48, 50 (8th Cir. 1987) (holding that the defense of justification had no applicability when defendant continued to possess a gun once he was no longer in any imminent danger of death or serious bodily injury).[*]

In addressing the affirmative defense of duress or necessity, the Supreme Court explained the burden of proof placed upon a criminal defendant to raise successfully a justification defense:

> But precisely because a defendant is entitled to have the credibility of his testimony, or that of witnesses called on his behalf, judged by the jury, it is essential that the testimony given or proffered meet a *minimum standard* as to each element of the defense *so that, if a jury finds it to be true, it would support an affirmative defense—here that of duress or necessity.*

*Bailey*, 444 U.S. at 415.

Based on the evidence presented, including without limitation the videotape evidence and Carmela Harris's testimony, the court concludes that, as a matter of law, the justification defense has

---

[*] Although it is outside the scope of the court's ruling today, one likely reason for courts to take a restrictive approach to the use of a justification defense in the context of 18 U.S.C. § 922 is that Congress wrote section 922(g) in absolute terms and "sought to broadly keep firearms away from the persons Congress classified as potentially irresponsible and dangerous. These persons are comprehensively barred by the Act from acquiring firearms by any means." *Barrett v. United States*, 423 U.S. 212, 218 (1976).

**Memorandum Opinion and Order – Page 3**

no application in this case because the undisputed evidence shows Penn continued to possess the firearm well beyond the time when he was in any imminent danger of death or serious bodily injury. *See Gant*, 691 F.2d at 1163 n.9 ("[C]ontinued possession beyond the time that the emergency exists will defeat the defenses.") (citation omitted). Under these circumstances, the court need not reach whether Penn has satisfied the first, second, third, and fourth elements of the justification defense.

The evidence presented at trial shows that Penn left federal custody on the morning of July 6, 2017, went to an apartment complex in Grand Prairie, Texas, and took possession of a firearm. After a shootout involving Kareem Robinson, Devante Scott, and Penn at the apartment complex, Robinson and Scott briefly pursued Penn in a car chase and then ceased pursuit of him. Thereafter, a police officer began following Penn's vehicle. After following Penn's vehicle for a while, the police officer, who was in a marked police vehicle, turned on his siren and emergency lights. Rather than pulling over or attempting to flag the officer for assistance, Penn attempted to evade the police officer, and a chase ensued. Penn eventually crashed the vehicle.

His decision instead to attempt to evade police, as opposed to seek their assistance, renders any argument that he possessed the firearm no longer than absolutely necessary defeats his justification defense. *See Ridner*, 512 F.3d at 851-52 (justification defense unavailable where police chased defendant for a quarter mile before arresting him because defendant had the opportunity to dispose of the illegally possessed ammunition when they arrived instead of attempting to evade them). After Penn crashed the car into a gate and it came to rest against the building, he abandoned the car and, still in possession of the firearm, fled on foot at the Clayton Mark apartments, waved

**Memorandum Opinion and Order – Page 4**

the firearm at another person near the site of the crash, and eventually tossed the firearm in a field west of the apartment complex. Penn was apprehended several weeks later.

In two published opinions and one unpublished opinion after *Panter* and *Gant*, the Fifth Circuit has reaffirmed the fifth factor or precondition, and the court considers the fifth factor or precondition settled law. *See United States v. Bernard*, 58 F.3d 636, 636 (5th Cir. 1995); *United States v. Posada-Rios*, 158 F.3d 832, 874 (5th Cir. 1998); *United States v. Lee*, 208 F. App'x 352, 353 (5th Cir. 2006). In light of these cases, it is clear to this court that a defendant has to make a minimum showing that he did not possess the firearm once the imminent threat or danger ended.

Under these facts, the court concludes that, even accepting Penn's version of the facts, because Penn continued to possess the firearm well beyond the time that he was in any imminent danger of death or serious bodily injury at the hands of Scott and Robinson, the justification defense is unavailable to him. While Penn may have been under an unlawful and present, imminent, and impending threat that would induce a well-grounded apprehension of death or serious bodily injury when he first took possession of the firearm, and while he was being pursued by Scott and Robinson, once that threat subsided, he had multiple opportunities to dispose of the gun and stop fleeing much earlier than he did, any such possible justification ceased to exist and eviscerates his assertion that he possessed the firearm no longer than absolutely necessary.

In addition, the court rejects Penn's counsel's suggestion that there is a bright-line rule under which, as long as a defendant charged with a section 922(g) offense dispossesses the firearm in less than thirty minutes, he or she may assert the justification defense. Counsel was unable to provide the court any case law in support of this proposition, and the court's independent research has

produced no such authority. The court can only assume that Penn's counsel is seeking to extrapolate this bright-line rule from dicta in *United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978). Dicta, of course, is not binding authority.

Further, while Penn's counsel argues that this is a question for the jury, the court disagrees. This is not a situation in which the court has found any witness's testimony to be unpersuasive or has judged the credibility of Penn. Indeed, the court has looked at the evidence in the light most favorable to Penn. Because justification is an affirmative defense, a defendant must present evidence of *each* of the elements of the defense before it may be presented to the jury. *See United States v. Bailey*, 444 U.S. at 415; *United States v. Posada-Rios*, 158 F.3d at 873 (citing *Gant*, 691 F.2d at 1165). In determining whether a defendant has made a threshold showing of the elements of the defense, a court must objectively evaluate the facts presented by the defendant. *See Gant*, 691 F.2d at 1163. An objective analysis of Penn's evidence, even accepting his version as true, convinces the court that he has failed to present evidence that he ceased possession of a gun once he was no longer in any imminent danger of death or serious bodily injury. The only way a fact issue could be raised, on the fifth factor potentially requiring the court to submit the justification defense to the jury, would be if Penn were to testify, as he is the only other person involved in the chase with Officer Garcia; however, if Penn testifies, this court will have to reconsider other evidentiary rulings that, up until this point, have resulted in the exclusion of certain evidence.

In light of the court's determination that the defense of justification has no applicability because Penn continued to possess a gun once he was no longer in any imminent danger of death or serious bodily injury, the alleged prior bad acts of Scott or others are quite beside the point, and will

not be allowed by the court. Penn has simply not made the minimum showing required regarding the fifth element, and, thus, at this juncture he, as a matter of law cannot establish that element.

**It is so ordered** this 29th day of June, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge